> A general guardian, who has given bond as required by Code Civ. Proc. § 2830, conditioned that he will account for "all money and other property received by him," must nevertheless, before receiving a legacy or distributive share of an estate coming to the minor, execute a new bond under section 2746, providing for payment of any legacy or distributive share of an infant to his guardian upon his executing a bond conditioned to apply such legacy or distributive share, and render a just account thereof.

In the matter of the judicial settlement of the account of Ella N. Mills and another as executors of Abraham Miller, deceased.

Samuel G. King, for petitioners.
E. H. Fallows, special guardian.

VARNUM, S.   A general guardian, who has given the bonds required by section 2830, Code Civ. Proc., upon his appointment, must nevertheless, before receiving a legacy or distributive share of an estate coming to the minor, execute a new bond under the provisions of section 2746, Id.   The fact that the original bond on his qualification as general guardian was in the same amount as required by section 2746, and based on a petition showing as the property of the infant its interest in the same legacy or distributive share, makes no difference.   The bond given under section 2830 is the usual unrestricted bond of a general guardian, and the condition thereof makes the guardian liable for any property whatever that is in, or shall come into, his hands, from any source whatever, while the bond required by section 2746 is different in condition, and relates only to a specific legacy or distributive share, for which it is given, and is exclusively security therefor.   The idea of the legislature in enacting the provision as to the bond in section 2746 was, no doubt, to unquestionably secure the legacy or share in question, as the bond given upon the appointment of the general guardian, being for any and all property that should come to the guardian from any source, might prove to be insufficient security for the legacy.   Rieck v. Fish, 1 Dem. Sur. 79; In re Flagg's Estate, 6 Dem. Sur. 289; Lowman v. Railroad Co., 85 Hun, 195, 32 N. Y. Supp. 579; Willcox v. Smith, 26 Barb. 318–336; Redf. Surr. Prac. (5th Ed.) 686.   Counsel have referred me to In re Brown, 72 Hun, 160, 25 N. Y. Supp. 694.   These citations all relate to the same case (accounting of Brown, general guardian of Sandison), and

that case simply decides that, where a surrogate has failed to exact a bond under section 2746, the sureties on the bond of the general guardian, given upon his appointment, are not thereby released from their liability. In fact, the opinion of Parker, J., seems to recognize distinctly that the surrogate is required to exact, in cases of this character, the bond provided for by section 2746.

Decreed accordingly.